**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0353n.06**
**Filed: May 17, 2006**

**No. 04-5604**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MELINDA MORRIS, A.K.A. MELINDA | ) | EASTERN DISTRICT OF KENTUCKY |
| MARTIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.**[*]

**ROGERS, Circuit Judge.**   Melinda Morris appeals her sentence for conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846.  The government concedes that Morris is entitled to resentencing under *United States v. Booker*, 543 U.S. 220 (2005), because the district court treated the Sentencing Guidelines range as mandatory rather than advisory. Accordingly, we vacate her sentence and remand for resentencing consistent with *Booker*.

Morris's additional argument—that the two-level enhancement to her sentence pursuant to U.S.S.G. § 2D1.1(b)(1) was clearly erroneous because the presence of a firearm was not proven by

---

[*]The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

a preponderance of the evidence—is without merit. Based upon the Presentence Investigation Report (PSR), the district court found that Morris had admitted to possessing a firearm on May 21, 2001, when she pleaded guilty to the state-law offense of trafficking in a controlled substance "while being in possession of a .38-caliber handgun." Morris argues that the possession of a firearm was not an element of her state conviction, but she provides no evidence to refute the findings of the PSR and district court. A defendant cannot show that a PSR is inaccurate simply by denying its truth, but must show "some evidence beyond a bare denial that calls the reliability or correctness of the alleged facts into question." *United States v. Lang*, 333 F.3d 678, 681-82 (6th Cir. 2003).